UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN PARSONS, ) | CASE NO.:   1:09CV2695 |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, ) | **OF MAGISTRATE JUDGE** |
| Defendant. ) | |

Karen Parsons ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her application for Disability Insurance Benefits ("DIB"). ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court AFFIRM the Commissioner's decision:

**I.    PROCEDURAL HISTORY**

On October 20, 2003, Plaintiff filed an application for DIB. Tr. at 49-51. The SSA denied Plaintiff's claim initially and on reconsideration. *Id*. at 22-31. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"). On January 20, 2006, ALJ David Wurzel conducted a hearing, where he received testimony from Plaintiff and from Gloria Lasoff, a vocational expert. Tr. at 306-64. Plaintiff was represented by counsel. *Id*.

On July 20, 2006, ALJ Wurzel issued a Notice of Decision - Unfavorable. Tr. at 10-20. Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied her request for review. *Id*. at 3-9. Plaintiff sought review in this Court. On September 30, 2008, the Honorable Kathleen O'Malley reversed the Commissioner's decision and remanded the case for further proceedings. *Id*. at 400-09.

On August 12, 2008, ALJ Mark Carissimi (hereinafter "the ALJ") conducted a second hearing. Tr. at 472-504. Plaintiff was again represented by counsel. *Id.* The ALJ heard testimony from Plaintiff, medical expert Martin Macklin, and vocational expert Kathleen Reis. *Id.* On June 2, 2009, the ALJ issued a Notice of Decision - Unfavorable. *Id.* at 370-85. Plaintiff requested review from the Appeals Council, and the Appeals Council declined to assume jurisdiction. *Id.* at 365-67.

On November 18, 2009, Plaintiff filed the instant suit. ECF Dkt. #1. On April 8, 2010, Plaintiff filed a brief on the merits. ECF Dkt. #14. On May 17, 2010, Defendant filed a brief on the merits. ECF Dkt. # 16.[1] Plaintiff did not file a reply.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ determined that Plaintiff has met the insured status requirements of the Social Security Act on September 30, 2004 ("date last insured"). Tr. at 375. The ALJ found that Plaintiff did not engage in substantial gainful activity between her alleged onset date of September 20, 2000 and her date last insured. *Id.* at 376. He determined that Plaintiff suffers from reflex sympathetic dystrophy ("RSD"), impairments of the left foot, and obesity, which qualified as severe impairments under 20 C.F.R. §404.1520(c). *Id.* at 376-77. The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id.* at 377-78.

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform all sedentary work activities described in 20 C.F.R. § 404.1567(a), with restrictions. Tr. at 378. Specifically, the ALJ found that Plaintiff can: lift, carry, push, or pull up to five pounds frequently and ten pounds occasionally; sit for six hours, stand for two hours, and walk for two hours in an eight hour workday; stand and walk for no more than 15 minutes at a time and then must sit for 30

---

[1] The undersigned notes that both parties have failed to comply with Local Rule 10.2, which requires "all documents filed with the Clerk shall have the name of the District Judge and/or Magistrate Judge to whom the case has been assigned typed or printed immediately under the Court's docket number." L.R. 10.2. Plaintiff's brief does not indicate any judge assigned to the case, and Defendant's brief incorrectly indicates that the case was assigned to Magistrate Judge Baughman. The parties are directed to comply with Local Rule 10.2 in the future.

minutes; cannot operate foot controls with the left foot; cannot climb ladders, ropes, or scaffolds; can occasionally climb stairs, stoop, and crouch; and can frequently balance. Tr. at 378. The ALJ determined that Plaintiff cannot perform her past relevant work. Tr. at 383.

Basing his decision on the vocational expert's testimony, the ALJ determined that Plaintiff had the RFC to work in a number of sedentary occupations, including: telemetry technician, optometry assistant, and animal hospital clerk. Tr. at 384. Accordingly, the ALJ determined that Plaintiff was not under a disability between her alleged onset date and her date last insured. *Id.*

### III.   STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.   STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and

makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Id.*; *Walters,* 127 F.3d at 532. Substantiality is based upon the record taken as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

## V.    ANALYSIS

### A.    CREDIBILITY ANALYSIS

Plaintiff contends that the ALJ erred in assessing her credibility. ECF Dkt. #14 at 7.[2] Plaintiff reasons that the ALJ did not find her statements about the intensity, persistence, or functionally limiting effects of her pain and symptoms to be credible, but "is not clear in his decision about why Plaintiff's complaints of pain are not substantiated by the objective medical evidence." *Id*. at 11. Plaintiff contends that the ALJ omitted a necessary step by failing to explain why Plaintiff's complaints of pain are not fully substantiated. *Id*.

The social security regulations establish a two-step process for evaluating pain. *See* 20 C.F.R. § 404.1529 , SSR 96-7p. In order for pain or other subjective complaints to be considered disabling, there must be (1) objective medical evidence of an underlying medical condition, and (2)

---

[2] Plaintiff has failed to comply with Local Rule 10.1, which requires that each page of a brief shall be numbered consecutively. L.R. 10.1. Plaintiff is again instructed to comply with the Local Rules in the future. For the purposes of this Report and Recommendation, the undersigned has counted pages from the first page of Plaintiff's brief and will refer to the document accordingly.

-4-

objective medical evidence that confirms the severity of the alleged disabling pain arising from that condition, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *See id.; Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 117 (6th Cir. 1994); *Felisky v. Bowen*, 35 F.3d 1027, 1038-1039 (6th Cir. 1994); *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986). Therefore, the ALJ must first consider whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the individual's pain or other symptoms. *See id.* Secondly, after an underlying physical or mental impairment is found to exist that could reasonably be expected to produce the claimant's pain or symptoms, the ALJ then determines the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. *See id.*

When a disability determination that would be fully favorable to the plaintiff cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the credibility of the plaintiff, considering the plaintiff's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in Social Security Ruling 96-7p. *See* SSR 96-7p, 61 Fed. Reg. 34483, 34484-34485 (1990). These factors include: the claimant's daily activities; the location, duration, frequency and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any pain medication; any treatment, other than medication, that the claimant receives or has received to relieve the pain; and the opinions and statements of the claimant's doctors. *Felisky*, 35 F.3d at 1039-40. Since the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination. *See Casey*, 987 F.2d at 1234. Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

In this case, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but her statements concerning the intensity, persistence and limiting effects are not credible to the extent that they are inconsistent with the RFC that the ALJ defined. Tr. at 379. Plaintiff contends that, pursuant to SSR 96-7p, the ALJ was

-5-

required to explain how the inconsistencies between Plaintiff's allegations and the evidence of record support his determination to discredit her complaints. ECF Dkt. #14 at 11-12. Plaintiff contends that the effects of her pain are substantiated by objective medical evidence. *Id.* at 11. However, none of the evidence upon which Plaintiff relies is objective in nature. *See Id.* Plaintiff points to records, but provides no citation, where doctors prescribed treatment for RSD and note Plaintiff's complaints of chronic pain. *Id.* Plaintiff contends that she received pain management, physical therapy, and lumbar sympathetic nerve blocks, but these treatments did not provide significant long term relief of her pain, which is suggestive of the severity of her pain. *Id.* Plaintiff further contends that she received aggressive pain medications, including Neurontin, Elavil, and Paxil. *Id.* She contends that these medications helped to some degree, but "she faces severe side effects of her medications." *Id.* It is unclear whether Plaintiff contends that she actually *experiences* severe side effects when she states that she "faces" severe side effects, or whether she means that the medications she takes carry a possibility of causing severe side effects. Further confounding the issue, Plaintiff does not identify which particular side effects she considers to be severe. Of note, she reported drowsiness, dizziness, forgetfulness, and dry mouth in a function report. Tr. at 91.

The ALJ accounted for Plaintiff's allegations related to these side effects in his credibility and RFC assessments. In sum, Plaintiff has not directed the Court to any objective medical evidence of record. Instead, she ultimately comes full circle to rely on her own subjective complaints of pain and other side effects. Plaintiff's argument leaves the Court to consider the determinative question of whether the ALJ's assessment of her subjective complaints is supported by substantial evidence.

Plaintiff takes issue with the ALJ's finding that her allegations are so severe that she cannot perform work at substantial gainful activity levels are not credible in light of evidence of symptoms exaggeration and inconsistencies in statements. ECF Dkt. #14 at 12 citing Tr. at 380. Plaintiff specifically argues that she has never been described as a malingerer, no physician has suggested that she has exaggerated her complaints, and Dr. Covington found no Waddell's signs present. ECF Dkt. #14 at 12. Plaintiff further contends that the ALJ did not discuss the factors that precipitate and aggravate her symptoms nor the location, duration, frequency, and intensity of her pain and other symptoms as required by SSR 96-7p. *Id.*

Notwithstanding Plaintiff's assertions, the undersigned observes that the ALJ set forth a thorough analysis of Plaintiff's complaints in compliance with SSR 96-7p. In particular, the ALJ explained inconsistencies in the record by noting that the incidents she relied upon as examples of her symptoms occurred outside of the insured period. Tr. at 381. The ALJ provided specific examples from the record. *Id*. He also found inconsistencies in her claim that she was unable to work. *Id*. The ALJ noted that Plaintiff was asked to leave technical school because she was performing too slowly and her grades were too low. *Id*. He noted that she attributed this event to her medications, but she asked Dr. Hayek for a letter to the school regarding the impact of her prescribed medications after the date last insured. *Id*. The ALJ also noted that Plaintiff complained of limiting impairments in July 2003, but Dr. Neely noted in a March 2003 examination that Plaintiff's medications were helpful, and she was pleasant, alert, and cooperative. *Id*. Further, on September, 23, 2003, Dr. Hayek reported that Plaintiff was not having difficulty with her medications, which included Neurontin, Elavil, and Paxil. *Id*. The ALJ did note one instance, on September 1, 2004, when Plaintiff contacted Dr. Hayek's office to report drowsiness and an increase in sleep. *Id*. The ALJ ultimately concluded that the alleged severity of the side effects of Plaintiff's medications is not supported by the record. Tr. *Id*. at 382.

In *Rawlins v. Shalala*, the Sixth Circuit held that it was appropriate for an ALJ to discount a claimant's credibility where her alleged symptoms did not manifest until after the insured period. *See Rawlins v. Shalala*, 62 F.3d 1418 (Table), 1995 WL 469425 at *8 (6th Cir. Aug. 7, 1995), unreported. The *Rawlins* court held that an ALJ properly discredited a claimant who alleged that she experienced disabling symptoms of depression, where she had not received psychotropic medicine and was not referred to a mental health professional during the insured period. *Id*. Here the issue does not concern a lack of treatment, but allegations pertaining to allegedly disabling side effects from treatment that was provided. Plaintiff was unable to provide any examples of disabling symptoms that occurred during the insured period, and the ALJ conducted a thorough review of the medical records to determine that Plaintiff made no significant complaints of disabling symptoms during that time. Therefore, the undersigned recommends that the Court find it was appropriate for the ALJ to consider Plaintiff's lack of significant complaints during the insured period.

The ALJ further considered that medical records showed some relief from nerve block injections. Tr. at 382. In challenging the ALJ's determination, Plaintiff cites her Disability Report-Appeal, which she completed for the purposes of seeking benefits. ECF Dkt. #14 at 11 citing Tr. at 100. On this form, Plaintiff contends that she experienced only temporary relief and the nerve blocks began to have less and less effect. *Id*. In contrast to Plaintiff's assertion, the ALJ conducted a thorough review of the record, citing a number of medical records that highlight instances where Plaintiff reported pain relief. *Id*.

Further, the ALJ considered Plaintiff's activities of daily living, which are rather extensive. Tr. at 382-83. He noted that she runs errands, reads, makes candles, bikes, manages her household, cooks, does laundry, some cleaning, and shopping. *Id*. He further noted that she plays board games, fishes, camps, swims, and goes to the movies. *Id*. at 383.

Given the foregoing analysis and evidence by the ALJ, the undersigned recommends that the Court find the Commissioner's decision to be supported by substantial evidence. The ALJ conducted the appropriate analysis pursuant to SSR 96-7p, although not articulated in the manner Plaintiff would prefer. Nevertheless, the ALJ noted that Plaintiff's allegations were inconsistent with the record and proceeded to explain those inconsistencies at length. On the other hand, Plaintiff claims the ALJ failed to account for the location, duration, frequency and intensity of her pain and other symptoms. Yet, she does not explain these qualitative features of her pain and other symptoms. Moreover, she does not direct the Court to evidence substantiating her claim that the ALJ overlooked relevant evidence. *See also*, *Bowman v. Chater*, No. 96-3990, 132 F.3d 32 (6th Cir. Nov. 26, 1997), unreported. ("While this court applied each of these factors in *Felisky*. [sic] we did not mandate that the ALJ undergo such an extensive analysis in every decision. Rather, we held that where the medical record does not contain objective evidence to support pain allegations, such allegations may not be dismissed without a review of non-medical factors."). Accordingly, the undersigned recommends that the Court dismiss this portion of Plaintiff's appeal and affirm the ALJ's decision as it relates to her credibility.

### B.    THE ALJ's RELIANCE ON HYPOTHETICAL QUESTIONS

Plaintiff also challenges the ALJ's reliance on a hypothetical question that does not account

-8-

for chronic pain and lapses in concentration. ECF Dkt. #14 at 14. Plaintiff contends that the evidence of record, including the medical expert's verification about sedating effects of medications and/or chronic pain, makes it reasonable to assume that Plaintiff will be off task 20% of the time. *Id.*

"If the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints." *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990). As noted above, the ALJ's credibility assessment was supported by the evidence of record. Thus, the undersigned recommends that the Court find that substantial evidence supports the ALJ's decision to rely on the vocational expert's response to a hypothetical excluding a restriction to a 20% off task restriction.

Insofar as Plaintiff contends that the ALJ failed to credit the medical expert's testimony, the undersigned notes that "opinions from medical sources will be considered, [but] the final responsibility for deciding issues such as RFC ultimately rests with the Commissioner." *Brown v. Comm'r Soc. Sec.*, No. 5:03CV2246, 2007 WL 4556678 (N.D. Ohio, Dec. 20, 2007), unreported. Therefore, the ALJ was not bound to follow the medical expert's opinion. Nevertheless, the undersigned notes that the medical expert presented much of his opinion related to the expected symptoms of Plaintiff's medications in general terms, not in terms of observations specific to Plaintiff. *See, e.g.*, Tr. at 460 ("All of these [medications] **can** cause sedation.")(emphasis added); Tr. at 488-89 ("Some people in general – and that's the only way I can speak. In general, people accommodate to the sedating effect of medications."). Although the medical expert's testimony may have verified that Plaintiff's medications **could** cause the alleged side effects, his testimony did not establish that it **did** cause those side effects in Plaintiff. The undersigned recommends that the Court find that the ALJ's decision to rely on a hypothetical excluding a 20% off task restriction to be supported by substantial evidence, particularly because he pointed to specific medical records, activities of daily living, and he detailed a discord between her alleged complaints and the insured period.

For the foregoing reasons, the undersigned recommends that the Court dismiss Plaintiff's appeal with prejudice as it relates to the ALJ's allegedly improper reliance on an improper

hypothetical question.

## VI. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court AFFIRM the ALJ's decision and dismiss Plaintiff's appeal in its entirety with prejudice.

DATE: February 17, 2011                     /s/*George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).